[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has unfairly deprived him of the privilege of contact visiting. The petitioner is a sentenced prisoner confined to the custody of the Commissioner of correction and housed at the MacDougall Correctional Institution from a period prior to February 14, 1998 to date.
The petitioner testified that on February 14, 1998 he had a contact visit with Dietre Bush, toward the end of which visit correctional officers suspected that Bush had passed the petitioner contraband which he had attempted to swallow. As a result of this suspicion Bush's visiting privileges were suspended and the petitioner was placed in segregation. An investigation ensued which included chemical screening of the petitioner. After a 15 day period the petitioner was released from segregation and his visiting privileges were reinstated and Captain Cleaver told him that he was cleared. On March 9, 1998 he arranged to have a contact visit with Ebony Peek but never had it. He later learned that Correction Officer Gomes had accused Ebony Peek to be Dietre Bush with a Connecticut driver's license of Peek's. Because he felt there had been misidentification of the women which caused his contact visiting privilege to be suspended, he petitioned for its return which was granted in November, 1999. CT Page 15689
Correction Officer Gomes testified for the respondent that on March 9, 1999 he had served 460 days in the visiting area even though the period is normally restricted to 56 days, and over that course of time recognized the repeat visitors including Bush. He knew that she had received an indefinite suspension for the February 14, 1998 incident and was now using identification of Peek in order to visit with the petitioner. He also produced an incident report package, Respondent's Exhibit A, in which a monitored phone call made by the petitioner to allegedly his mother and a use of a third party line with another female with whom he discussed the failed visit. The petitioner alluded to the fact that she did not do all she could to accomplish the visit. In the package was an interview with the petitioner by Captain Luna on March 10, 1998 concerning the petitioner's claim that Bush and Peek were two different women and that he could prove it to Gomes' satisfaction. Captain Luna permitted the petitioner to do so. Neither women arrived at the scheduled meeting. Peek was removed from the petitioner's visiting list.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456, particularly where the sanction imposed is commensurate with the violation found. The petitioner having failed to satisfy his burden of proof as to the failure of due process and because his visiting privilege has been reinstated, the petition must be dismissed.
For the above reasons the petition is dismissed.
Thomas H. Corrigan Judge Trial Referee